UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SUSAN G. PITTS, Individually and on behalf of all others similarly situated,

                                                                   Plaintiff,

-against-

NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, CITY OF NEW YORK, TAXI WORKERS ALLIANCE, VERIFONE, INC., VERIFONE TRANSPORTATION SYSTEMS, INC., d/b/a TAXITRONIC, MOBILE KNOWLEDGE CORPORATION, d/b/a CREATIVE MOBILE TECHNOLOGIES, LLC, DIGITAL DISPATCH, LTD., and TAXI TECHNOLOGY CORP.,

                                                                  Defendants.

------------------------------------------------------------------- X

**CITY DEFENDANTS' ANSWER AND CROSS-CLAIMS AGAINST CORPORATE DEFENDANTS**

No. 08 CV 01280 (CM)(AJP)

        Defendants, the NEW YORK CITY TAXI AND LIMOUSINE COMMISSION ("TLC") and the CITY OF NEW YORK (collectively "City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for their answer to the Complaint ("complaint"), allege upon information and belief as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that venue properly lies in this District.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first paragraph of paragraph "4" of the complaint. Deny the

allegations set forth in the second and third paragraphs of paragraph "4" of the complaint as to City Defendants.

5. Deny the allegations set forth in the first sentence of paragraph "5" of the complaint and respectfully refer the court to Section 2303 of the New York City Charter, Title 19, subchapter 5 of the Administrative Code of the City of New York, and Title 38 of the Rules of the City of New York ("R.C.N.Y.") for a description of the scope of the jurisdiction and powers of defendant TLC. Deny the allegations set forth in the second sentence of paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that defendant City of New York is a municipal corporation.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Neither admit nor deny the allegations set forth in paragraph "8" of the complaint as they constitute legal arguments and conclusions to which no response is required; to the extent a response is required, deny the allegations.

9. Neither admit nor deny the allegations set forth in paragraph "9" of the complaint as they constitute legal arguments and conclusions to which no response is required; to the extent a response is required, deny the allegations.

10. Neither admit nor deny the allegations set forth in paragraph "10" of the complaint as they constitute legal arguments and conclusions to which no response is required; to the extent a response is required, deny the allegations.

11. Deny the allegations set forth in paragraph "11" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681c(g) for its complete text and true content.

12. Deny the allegations set forth in paragraph "12" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681c(g) for its complete text and true content.

13. Deny the allegations set forth in the first, second, third, and fourth sentences of the first paragraph of paragraph "13" of the complaint as to City Defendants. Deny the allegations set forth in the fifth sentence of the first paragraph of paragraph "13" of the complaint and respectfully refer the Court to 38 R.C.N.Y. § 3-03(e)(7) for its complete text and true meaning and further deny the applicability of any other sections cited by plaintiff therein. Deny the allegations set forth in the first sentence of the second paragraph of paragraph "13" of the complaint and aver that TLC entered into contracts with defendant Verifone Transportation Systems, Inc., d/b/a Taxitronic, Mobile Knowledge Corporation, d/b/a Creative Mobile Technologies, LLC., Digital Dispatch, Ltd., and Taxi Technology Corp. Deny the allegations set forth in the second, third, and fourth sentences of the second paragraph of paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "14" of the complaint. Deny the remaining allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph "15" of the complaint. Deny the allegations set forth in the third sentence of paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681n for its complete text and true content.

17. Deny the allegations set forth in paragraph "17" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681n for its complete text and true content.

- 4 -

18. Deny the allegations set forth in paragraph "18" of the complaint and respectfully refer the Court to Fair and Accurate Credit Transactions Act for its complete text and true content.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.  Deny the allegations set forth in paragraph "35" of the complaint.

36.  Deny the allegations set forth in paragraph "36" of the complaint.

37.  In response to the allegations set forth in paragraph "37" of the complaint, City Defendants repeat and re-allege their responses to paragraphs "1" through "36" of the complaint, as if fully set forth herein.

38.  Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

39.  Deny the allegations set forth in paragraph "39" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681c(g)(I) for its complete text and true content.

40.  Deny the allegations set forth in paragraph "40" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681c for its complete text and true content.

41.  Deny the allegations set forth in paragraph "41" of the complaint and respectfully refer the Court to 15 U.S.C. § 1681c for its complete text and true content.

42.  Deny the allegations set forth in paragraph "42" of the complaint.

43.  Deny the allegations set forth in paragraph "43" of the complaint.

44.  Deny the allegations set forth in paragraph "44" of the complaint.

45.  Deny the allegations set forth in paragraph "45" of the complaint.

46.  Deny the allegations set forth in paragraph "46" of the complaint.

47.  Deny the allegations set forth in paragraph "47" of the complaint, and aver that defendant TLC's website states "all taxicab systems are certified under the Payment Card Industry (PCI) Data Security Standard" and respectfully refer the Court to a copy of TLC's website, www.nyc.gov/tlc, for its complete text and true content.

48.  Deny the allegations set forth in paragraph "48" of the complaint.

49.  Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, City Defendants repeat and re-allege their responses to paragraphs "1" through "51" of the complaint, as if fully set forth herein.

53. Neither admit nor deny the allegations set forth in paragraph "53" of the complaint as they constitute legal arguments and conclusions to which no response is required; to the extent a response is required, deny the allegations.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, City Defendants repeat and re-allege their responses to paragraphs "1" through "57" of the complaint, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that plaintiff's complaint is premised upon a federal question insofar as it alleges a violation of a federal statute.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny, except admit that plaintiff purports to proceed as set forth in paragraph "62" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63. The complaint fails to state a claim upon which relief can be granted against City Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64. City Defendants did not commit any wrongful or unlawful act(s) against plaintiff and/or the members of the putative class. Accordingly, City Defendants are not responsible for any alleged damage(s) to plaintiff and/or the members of the putative class.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65. Neither defendant TLC nor defendant City of New York is a proper party to the instant litigation.

## AS A FOR A FOURTH AFFIRMATIVE DEFENSE:

66. Neither defendant TLC nor defendant City of New York is a "person" under the Fair and Accurate Credit Transactions Act ("FACTA") set forth in 15 U.S.C. § 1681c.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

67. City Defendants fully complied with all local, state, and federal laws and statutes.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

68. Plaintiff and/or members of the putative class lack standing to pursue any claims against City Defendants as they have not suffered any damages as a result of any action taken by City Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

69. Any damages allegedly sustained by plaintiff and/or members of the putative class were due to the acts or omissions of parties over whom City Defendants do not control.

- 8 -

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

70. To the extent that the complaint seeks relief for any conduct of City Defendants occurring more than two years prior to the commencement of this action, such relief is barred by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

71. The complaint has failed to set forth sufficient grounds to justify an award of punitive damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72. Plaintiff is not entitled to an award of punitive or exemplary damages in this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73. Plaintiff's claims are barred, as consumers are not granted a private right of action for a violation of the Fair and Accurate Credit Transactions Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

74. If any violation of 15 U.S.C. § 1681c(g) occurred, which City Defendants specifically deny, said violation was not willful within the meaning of 15 U.S.C. § 1681n(a)

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

75. The statutory damages sought by the plaintiff would be disproportionate to any harm alleged or suffered by the plaintiff and members of the putative class. Such damages would be excessive and award of such would violate City Defendants' due process rights under the United States Constitution.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

76. Plaintiff's claims for statutory damages and/or punitive damages are barred as City Defendants' conduct was fair, reasonable, performed in good faith, and was justified by all facts known to City Defendants at the time.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

77. The complaint does not state facts sufficient to certify a class pursuant to Federal Rule of Civil Procedure 23 and, therefore, this action is not properly commenced as a class action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

78. Plaintiff is not a proper representative of the class she purports to represent.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

79. The statutory damages, punitive damages, and attorney's fees and/or costs sought by plaintiff if a class is certified are so disproportionate to the lack of actual harm that such recovery is prohibited by law.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE:

80. Plaintiff has failed to allege actual harm.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

81. City Defendants cannot be vicariously liable to plaintiff or any putative class member under the Fair and Accurate Credit Transactions Act. City Defendants did not control the Corporate Defendants' (as defined in the Complaint) business operations such that they could be vicariously liable to plaintiff and/or any putative class member under the Fair and Accurate Credit Transactions Act. City Defendants cannot be vicariously liable to plaintiff

and/or any putative class member under the Fair and Accurate Credit Transactions Act for the alleged willful acts of the Corporate Defendants.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

82. Plaintiff is not entitled to injunctive relief as such relief is not authorized by the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:

83. Plaintiff does not adequately state a claim for negligent conduct.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:

84. The claims of plaintiff and/or the members of the putative class are barred because they are frivolous, designed to harass City Defendants, and are not brought in good faith.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:

85. Plaintiff has failed to comply with the obligation under General Municipal Law § 50-e to file a Notice of Claim with the Comptroller's Office of the City of New York for the monetary damages sought herein. As such, plaintiff has failed to comply with a condition precedent to commencing the instant action.

**WHEREFORE**, City Defendants demand judgment dismissing the complaint, awarding them costs and disbursements in this action, including reasonable attorneys' fees, and granting such other and further relief as the Court may deem just and proper.

## CROSS-CLAIMS AGAINST CORPORATE DEFENDANTS

86. City Defendants allege the following cross-claims pursuant to Federal Rule of Civil Procedure 13(g) against defendants Verifone Transportation Systems, Inc., d/b/a Taxitronic, Mobile Knowledge Corporation, d/b/a Creative Mobile Technologies, LLC, and Taxi Technology Corp. (hereinafter "Corporate Defendants").[1]

87. The cross-claims set forth below arise out of the same transactions and occurrences that are the subject of the Complaint.

88. If jurisdiction and venue are proper with respect to the Complaint, they are proper with respect to the cross-claims asserted herein against Corporate Defendants.

89. Defendant denominated in the complaint as Verifone Transportation Systems, Inc., d/b/a Taxitronic, contracted with defendant TLC to provide technology services to medallion owners in connection with the TLC's Taxicab Technology Enhancement Program provided for in Title 35 of the R.C.N.Y., in a contract dated January 3, 2006.

90. Defendant denominated in the complaint as Mobile Knowledge Corporation, d/b/a Creative Mobile Technologies, LLC contracted with defendant TLC to provide technology services to medallion owners in connection with the TLC's Taxicab Technology Enhancement Program provided for in Title 35 of the R.C.N.Y., in a contract dated January 9, 2006.

91. Defendant denominated in the complaint as Taxi Technology Corp., contracted with defendant TLC to provide technology services to medallion owners in

---

[1] It should be noted that defendant Verifone, Inc. did not enter into a contract with City Defendants, and, thus, is not considered a corporate defendant as asserted in these cross-claims. Moreover, pursuant to the Stipulation of Dismissal, So-Ordered on March 11, 2008, the claims against defendant Digital Dispatch, Ltd., were dismissed by plaintiff with prejudice.

connection with the TLC's Taxicab Technology Enhancement Program provided for in Title 35 of the R.C.N.Y., in a contract dated January 6, 2006.

92. The indemnification provisions of the aforesaid contracts with each of the three Corporate Defendants are the same (collectively referred to as "Agreement").

93. In the Agreement, each of the three Corporate Defendants expressly agreed to indemnify City Defendants from all losses in connection with any third-party claims.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST EACH OF THE CORPORATE DEFENDANTS FOR CONTRACTUAL INDEMNIFICATION:

94. City Defendants repeat and re-allege the preceding paragraphs "86" through "93" as if fully set forth herein.

95. The Agreement entered into between City Defendants and each of the Corporate Defendants provided that Corporate Defendants agree to "indemnify, defend and hold harmless" City Defendants "from any and all Losses and threatened Losses arising from or in connection with third-party claims...."

96. As a result of the indemnification clauses of the Agreement, each of the Corporate Defendants are obligated to indemnify City Defendants for any liability which may be found against City Defendants in this action.

97. Should City Defendants be held liable to plaintiff and/or any members of the putative class, City Defendants are entitled to judgment over and against each of the Corporate Defendants for indemnification and/or contribution by reason of each Corporate Defendants' acts and/or omissions.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST EACH OF THE CORPORATE DEFENDANTS FOR COMMON LAW INDEMNIFICATION

98. City Defendants repeat and re-allege the preceding paragraphs "86" through "97" as if fully set forth herein.

- 13 -

99. Any liability which may be found against City Defendants would solely be the result of each of the Corporate Defendants' actions and negligence, lack of due care, and thus, any damages City Defendants have been ordered to pay therein should be borne, in law, equity and fairness, by each of the Corporate Defendants.

100. Should City Defendants be held liable to plaintiff and/or any members of the putative class, City Defendants are entitled to judgment over and against each of the Corporate Defendants for indemnification and/or contribution by reason of each Corporate Defendants' acts and/or omissions.

**WHEREFORE,** in the event that City Defendants are adjudged liable, City Defendants respectfully request that the Court issue an order granting judgment over, or apportioning such liability in accordance with its equitable shares of responsibility as set forth in their cross-claims against Corporate Defendants, including reasonable attorneys' fees and awarding the costs of this action and granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        March 13, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for City Defendants
100 Church Street, Room 5-158
New York, New York 10007
(212) 788-0758

By: _____
    Michelle Goldberg-Cahn (MG-4490)
    Assistant Corporation Counsel

Index No. 08 CV 01280 (CM)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN G. PITTS, Individually, and on behalf of all others similarly situated,

                                          Plaintiff,

-against-

NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, CITY OF NEW YORK, TAXI WORKERS ALLIANCE, VERIFONE, INC., VERIFONE TRANSPORTATION SYSTEMS, INC., d/b/a TAXITRONIC, MOBILE KNOWLEDGE CORPORATION, d/b/a CREATIVE MOBILE TECHNOLOGIES, LLC, DIGITAL DISPATCH, LTD., and TAXI TECHNOLOGY CORP.,

                                          Defendants.

**CITY DEFENDANTS' ANSWER AND CROSS-CLAIMS AGAINST CORPORATE DEFENDANTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street
New York, N.Y. 10007
*Of Counsel: Michelle Goldberg-Cahn*
*Tel: (212) 788-0758*
*LM No.2008- 004286*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 200...*

*.................................................................Esq.*

*Attorney for.................................................................*